UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

H-D USA LLC, and
HARLEY-DAVIDSON MOTOR COMPANY GROUP LLC,

      Plaintiff,

v.                                               Case No. 17-cv-1776-pp

AFFLICTION HOLDINGS LLC,

      Defendant.

**ORDER REGARDING DISCOVERY**

On July 3, 2019, the parties contacted the court to discuss a dispute that had arisen as they were conducting discovery into the defendant's contacts with the forum. The parties reported that the defendant had limited its responses to the plaintiff's jurisdictional interrogatories to the three-year period preceding the filing of the complaint, arguing that contacts beyond the statute of limitations were not relevant. The plaintiffs argued that it would be more efficient for the defendant to provide information about contacts from the time the defendant began selling the allegedly infringing product in Wisconsin through the present (post-complaint) to allow the plaintiffs to determine when, if ever, the facts supported the exercise of personal jurisdiction.

The complaint does not describe the period during which the plaintiffs believe the infringing activity occurred. At the July 3 hearing, the plaintiffs stated that the defendant was relying on Skidmore v. Led Zeppelin, *et al*, Case

1

No. 14-3089 (E.D. Pa. 2014) at dkt. no. 54, to support its argument that it should not have to provide discovery beyond the limitations period. In Skidmore, the district court for the Eastern District of Pennsylvania ruled that the defendant's contacts with the State of Pennsylvania seventeen years earlier were not sufficient to establish general or specific jurisdiction. Id. at 8. The Skidmore case offers little guidance for this court aside from the fact that the Skidmore court started with the three-year limitations period when examining the sufficiency of the contacts. Id. at 8-9. Neither party has cited any other facts or legal authority.

During the hearing, the defendant offered to produce documents dating back to the beginning of 2014—presumably, January 1, 2014. The court finds that offer a reasonable starting point. The court will require the defendant to provide discovery covering the period from January 1, 2014 through the date the plaintiff filed the complaint. In addition, the plaintiffs may ask the defendant—whether through an interrogatory, a request for admission or a question at a deposition—when it started selling the allegedly infringing products in Wisconsin. If the information the plaintiff receives through this discovery leads the plaintiffs to believe that the defendant had significant contacts with Wisconsin before January 1, 2014, the plaintiffs may ask the court to expand the scope of the jurisdictional discovery.

The court **ORDERS** that the parties shall limit the scope of discovery on

jurisdiction to the period beginning with January 1, 2014 and continuing through the date on which the plaintiff filed the complaint.

Dated in Milwaukee, Wisconsin this 11th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**